UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                  Case No.  8:06-cr-178-T-24 MAP

CARLOS NAVARRO

_____/

**ORDER**

This cause comes before the Court on Defendant Navarro's Writ of Error Audita Querela. (Doc. No. 34).  As explained below, the motion is denied.

On May 9, 2006, Defendant was charged with being a felon in possession of a firearm and ammunition.  (Doc. No. 10).  The charging instrument listed Defendant's prior felonies, including delivery of cocaine and twice trafficking in cocaine.  Defendant pled guilty pursuant to a plea agreement, and the plea agreement outlined his prior felony convictions, including the three listed above. (Doc. No. 12).  On September 26, 2006, this Court sentenced him as an Armed Career Criminal, and he received a sentence of 188 months of imprisonment, followed by 60 months of supervised release.  (Doc. No. 30).  Defendant did not appeal his conviction and sentence, and he did not file a § 2255 motion.

Now, almost four years later, Defendant argues that he was incorrectly sentenced as an Armed Career Criminal, because the three felonies listed above are actually one offense, because they were "combined under one conviction as they arose from a singular scheme with no intervening arrests between them."[1]  (Doc. No. 34).  This argument has no merit.  While Defendant was charged with these three felonies in one state court case (case number 94-15468) and thus was convicted and sentenced for all three felonies on the same date, that does not

---

[1] Defendant also erroneously argues that the Court considered his October 10, 2004 conviction for possession of cocaine as a prior felony that supported the Armed Career Criminal enhancement.  However, that offense was not used as a basis for his enhancement.  (PSI Report, ¶ 28).

change the fact that they are three separate felonies. Defendant was convicted in the state court proceeding of delivering cocaine on November 17, 1994 and trafficking cocaine on November 28, 1994 and December 1, 1994. These were three separate offenses committed on three separate days, and therefore, they are sufficient to support the Armed Career Criminal enhancement that Defendant received. See U.S. v. Jackson, 57 F.3d 1012, 1018 (11th Cir. 1995)(pointing out that the enhancement only requires that the prior felonies or offenses be committed on occasions different from one another, not that the convictions be obtained on separate occasions).

Furthermore, if a defendant does not challenge facts contained in a PSI Report, he waives the right to object to them later. See Bennett, 472 F.3d 825, 832 (11th Cir. 2006)(citations omitted). In this case, Defendant did not challenge the facts relating to these three prior felonies contained in his PSI Report (at paragraph 33), and as such, he cannot do so now.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Navarro's Writ of Error Audita Querela (Doc. No. 34) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of July 2010.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record